DISTRICT OF OREGON
**F I L E D**
March 22, 2021
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Thomas Bryon Cattell**,<br>        Debtor. | Case No. 19-33823-dwh13 |
| **Thomas Bryon Cattell**,<br>        Plaintiff,<br>v.<br>**Victoria Deeks**,<br>        Defendant. | Adversary Proceeding No. 19-03123-dwh<br><br>Consolidated with Adversary Proceeding No. 20-03024-dwh<br><br>MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT, TO SUPPLEMENT SUMMARY-JUDGMENT RECORD, AND TO AMEND COMPLAINT<br><br>NOT FOR PUBLICATION<br><br>Affects both actions |
| **Thomas Bryon Cattell**,<br>        Plaintiff,<br>v.<br>**Victoria Deeks**,<br>        Defendant. | Adversary Proceeding No. 20-03024-dwh |

Page 1 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

I.  **Introduction**

I have four motions under advisement. Two are for partial summary judgment, the first by Alison Hohengarten and Francis Hansen & Martin LLP[1] and the second by Victoria Deeks.[2] The third motion is by plaintiff, Thomas Cattell, for leave to amend the complaint in the lead action.[3] The fourth is by Cattell to supplement the summary-judgment record.[4]

For the reasons that follow, I will deny the motions for partial summary judgment, deny as moot the motion to supplement the summary-judgment record, and grant leave to amend.

II.  **Background**

Two adversary proceedings have been consolidated. Both are by Cattell, the chapter 13 debtor, as plaintiff, and both were removed to this court from Oregon circuit courts after he filed his petition initiating this case on October 17, 2019.

The lead action, No. 19-03123, is against Victoria Deeks. (Carol Williams was a defendant but has been dismissed.) It was commenced by Cattell's filing against Deeks of a petition for dissolution of domestic partnership in Deschutes County Circuit Court on October 18, 2018.[5] He removed it to this court on November 13, 2019.

The subsidiary action, No. 20-03024, is against Connor Deeks, PricewaterhouseCoopers, LLP, Alison Hohengarten, and Francis Hansen & Martin LLP. Hohengarten is a lawyer, and Francis Hansen & Martin LLP is a law firm, so I will refer to them as the lawyer defendants. The subsidiary action was commenced by Cattell's filing of a complaint in Multnomah County Circuit Court on January 3, 2020. The lawyer defendants removed it on February 20, 2020.

---

[1] Docket item (DI) 84.
[2] DI 91.
[3] DI 115.
[4] DI 150.
[5] DI 1.

Page 2 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Case 19-03123-dwh    Doc 183    Filed 03/22/21

Because Connor Deeks is not a movant or otherwise involved in the pending motions, for convenience I will refer to Victoria Deeks as Deeks.

### III. Procedural posture

#### A. The lawyer defendants' motion

The only claim against the lawyer defendants appears in the complaint in the subsidiary action.[6] The claim is count 2 of the first claim for relief.[7] Cattell alleges that they took control of proceeds from a sale of real property when they owed him a duty of loyalty.[8] They then allegedly disbursed the proceeds in a way that injured him.[9]

The lawyer defendants request partial summary judgment, not to dispose of the entire claim against them, but just to establish that certain conclusions of the state court in the lead action are law of the case and not subject to relitigation.[10] Specifically, they ask that I determine that the state court made the following determinations, which are law of the case in these actions:

- Cattell had no interest in certain real property when it was sold;
- A mediated settlement agreement (MSA) governed the sale;
- Deeks was entitled to complete the sale; and
- The sale proceeds could and should be distributed as provided in the MSA and in a related stipulated order.

#### B. Deeks's motion

Deeks is the only defendant in the lead action. The complaint denominates the claims against her as dissolution of common-law partnership, equitable accounting, setting aside

---

[6] Subsidiary action DI 1-1.
[7] Subsidiary action DI 1-1 at 26-27, ¶¶ 98-102.
[8] Subsidiary action DI 1-1 at 24, ¶¶ 98-99.
[9] Subsidiary action DI 1-1 at 24-25, ¶¶ 100-02.
[10] DI 84.

Page 3 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Case 19-03123-dwh    Doc 183    Filed 03/22/21

preferences and transfers, equitable subordination, breach of fiduciary duty, financial abuse of a vulnerable person, declaratory judgment, avoidance of fraudulent transfers, and avoidance of preference payments.[11]

Deeks's motion for partial summary judgment is similar to that of the lawyer defendants. She requests the following determinations:

- The MSA is enforceable;

- The MSA governs Deeks's and Cattell's relationship and their rights in the property and supersedes any prior agreement or contract between them;

- The MSA was enforceable as to her sale of the property;

- The MSA governed how the sale proceeds were to be disbursed; and

- Cattell did not have an interest in the property.[12]

### C. The lawyer defendants and Deeks rely on three orders of the Deschutes County Circuit Court.

On January 17, 2019, Deeks filed a motion to enforce the MSA.[13] She sought an order vacating and releasing a notice of pendency of an action (referred to as a notice of lis pendens), allowing the sale of the property in accordance with the MSA, and ordering Cattell to leave the property.

On March 6, 2019, the state court resolved the motion by entering a stipulated order.[14] Among other things, the order required Cattell to permanently vacate the property by March 8, 2019, permitted him to re-enter the property to retrieve certain personal property, and specified the manner in which Deeks would disburse the property's net sale proceeds.

---

[11] DI 29.
[12] DI 91 at 2.
[13] DI 21, Ex. 1 at 1-2, Ex. 2 at 39-43.
[14] DI 21, Ex. 1 at 2, Ex. 2 at 60-66.

Page 4 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

On May 20, 2019, Deeks filed a second motion to enforce the MSA.[15] On August 22, 2019, the state court granted that motion in an order.[16]

On July 23, 2019, Deeks filed a Petition for an Order Striking and Releasing Encumbrances, Awarding Costs and Attorney Fees and Order to Show Cause.[17] She sought an order striking and releasing purported encumbrances recorded by Cattell as Document #2019-22329 in the Deschutes County Official Records and an order for costs and attorney fees required to bring the petition. And she alleged that "[w]hile the parties to this proceeding both claim an interest in the proceeds from the pending sale of the Property, Petitioner [Cattell] has no legal interest in the Property."[18]

On August 22, 2019, the state court resolved Deeks's petition by entering an order that struck and released against the real property the notice of pendency identified in the June 23 motion.[19] The order also ruled that Deeks could be awarded her reasonable attorney fees and costs.

## IV. The motions for partial summary judgment

### A. Standards

Summary judgment is appropriate if there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Despite its name, summary "judgment" need not be a final judgment; courts are permitted to dispose of some issues by summary adjudication while leaving other issues for trial.[20]

---

[15] DI 21, Ex. 2 at 77-82.
[16] DI 21, Ex. 2 at 240-41.
[17] DI 21, Ex. 1 at 2, Ex. 2 at 172-74.
[18] DI 21, Ex. 2 at 172-74.
[19] DI 21, Ex. 1 at 3, Ex. 2 at 242-44.
[20] Civil Rule 56(a).

Page 5 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

That's what the lawyer defendants and Deeks ask me to do in these actions. They argue that certain issues have already been resolved conclusively by the state court and cannot be relitigated.[21] Both motions for partial summary judgment argue that I am bound by these three decisions under the doctrine of law of the case. Deeks also argues that I am bound under the doctrine of issue preclusion, and the lawyer defendants adopt and amplify this argument in their reply brief.

I'll discuss issue preclusion first, then move on to law of the case.

### B. *Issue preclusion*

Because the three decisions were made by an Oregon state court, Oregon law governs any preclusive effect.[22] In Oregon, as elsewhere, issue preclusion only applies to a decision that is embodied in a final judgment.[23] The first question, then, is whether any of the three state-court orders is a final judgment.

The orders are not final judgments in the ordinary sense, because they did not conclude the lead action—which is why it is still pending after removal. Deeks nevertheless argues that the orders are final, because "they determine discrete issues and [a]ffect the parties' substantive rights regarding the enforceability of the MSA and the extent of Cattell's interest in the property."[24] She cites ORS 19.205(2), which provides that a superficially nonfinal order is appealable as a final judgment if it "affects a substantial right, and that effectively determines the action so as to prevent a judgment in the action".[25] This provision contains two criteria that must be satisfied before a seemingly interlocutory order can be treated as a final judgment for appeal

---

[21] DI 84 at 2; DI 92.
[22] Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 993 (9th Cir. 2001).
[23] State Farm Fire and Cas. Co. v. Reuter, 299 Or. 155, 158 (1985).
[24] DI 122 at 7.
[25] ORS 19.205(2); DI 91 at 7.

Page 6 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

purposes: the order must "affect[] a substantial right" and "determine" the action in such a way that a final judgment cannot be entered—in other words, the order must effectively bring the action to an end, even though the order is labeled something other than final judgment.

The case that Deeks cites for support, *Amundson v. Brookshire*,[26] a 1995 Oregon Court of Appeals decision, helps to clarify the purpose of this provision: to allow appeals by parties who are ejected from an action by an interlocutory order and so are no longer parties to the action when the final judgment is later entered. In *Amundson*, the appellant had been removed as personal representative for a decedent's estate. Because the order of removal "excluded [her] as a party," no final judgment could be entered against her. She therefore was permitted to appeal from the removal order.[27] *Amundson* cited *Samuels v. Hubbard*,[28] a 1984 Oregon Court of Appeals decision in which the court had allowed an appeal from an order denying a request by nonparties to intervene in an action. As in *Amundson*, the order at issue had permanently excluded the would-be intervenors from the action, making it impossible for them to appeal from an eventual final judgment. Therefore, it was appealable by them.[29]

Here, the state-court orders in this action did not exclude anyone from the lead action and did not prevent entry of a final judgment against Deeks; she is still present and will be able to appeal from any adverse final judgment. Therefore, ORS 19.205(2) does not make the orders final.

Both Deeks and the lawyer defendants also point to decisions of federal courts, applying federal bankruptcy law, for the proposition that orders can be final and appealable with respect to

---

[26] 133 Or. App. 450, 452 and n.3 (1995).
[27] *Id.* at 453.
[28] 71 Or. App. 481 (1984).
[29] *Id.* at 485.

Page 7 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

the discrete issue to which they are addressed, even though they do not conclude the case.[30] But federal bankruptcy decisions tell us little about the appealability or finality of an order entered by a state court in a civil action. Many proceedings that, outside of bankruptcy, would constitute independent civil actions are instead treated as "contested matters" within a bankruptcy case.[31] These matters are ordinarily commenced by motion[32] and resolved by orders, not judgments. But, because they are the equivalent of freestanding lawsuits, the orders disposing of them are treated as final judgments for appeal and preclusion purposes.[33] Because of this peculiarity of bankruptcy appellate procedure, decisions discussing the finality of bankruptcy contested-matter orders should not be relied on to determine the finality of orders in other kinds of litigation.

Finally, Deeks relies on ORS 43.160, a partial codification of Oregon's law of issue preclusions, which says: "That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto." In other words, a judgment, decree, or order has preclusive effect only with respect to matters that are addressed expressly on the face of the judgment, order, or decree and matters that, although not expressly addressed, were actually and necessarily decided in the proceeding. Deeks points to this statute simply as proof that a "decree or order" (something other than a judgment) can have preclusive effect. I agree, but that doesn't mean that every decree or order has preclusive effect. The label on a court's decision does not matter. What matters is whether the decision is final.

Because the orders here are not final, they don't have issue-preclusive effect.

---

[30] Deeks reply [122] at 7; Lawyers' reply [121] at 13.
[31] Bullard v. Blue Hills Bank, 575 U.S. 496, 135 S.Ct. 1686, 1692 (2015).
[32] Bankruptcy Rule 9014(a).
[33] 28 U.S.C. § 158(a); *Bullard*, 135 S.Ct. at 1692.

Page 8 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

### C. Law of the case

The lawyer defendants and Deeks also argue that the law-of-the-case doctrine, either by itself or in conjunction with Federal Rule of Bankruptcy Procedure (Bankruptcy Rule) 9027(i), prohibits Cattell from relitigating any of the issues decided in the three state-court orders.

I'll deal with Bankruptcy Rule 9027(i) first. The final sentence of that rule says: "All injunctions issued, orders entered and other proceedings had prior to removal shall remain in full force and effect until dissolved or modified by the court." This language is borrowed in substance from 28 U.S.C. § 1450, which applies in state-court actions removed under the general, nonbankruptcy removal statute.

As the Supreme Court explained in *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*,[34] the purpose of section 1450 is to preserve continuity when a civil action is removed from state to federal court.[35] It would be inefficient and unduly disruptive if the state court's orders were instantly voided upon removal or if the litigants had to start from scratch and refile all pleadings and motions.[36] So, the statute provides that everything that has already happened before removal remains in effect after removal. The statute neither enlarges nor contracts the scope, duration, or effect of a preremoval order.[37] The same applies to Bankruptcy Rule 9027(i).

But neither section 1450 nor Bankruptcy Rule 9027(i) speaks of giving preclusive effect (or anything resembling it) to preremoval orders. There's a difference between saying that the

---

[34] 415 U.S. 423 (1974).
[35] *Id.* at 435.
[36] *Id.*
[37] *Id.* at 436.

Page 9 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

orders remain in effect—a proposition that no one questions—and saying that the rationale underlying the orders is binding.

Cattell has not asked me to dissolve any of the state-court orders or to reinstate a notice of pendency of an action. Instead, he asks me to reach legal and factual conclusions that are arguably inconsistent with the rationales underlying the state-court orders, without upsetting the orders themselves. Whether I can or should do so is a subject I'll discuss later, but for now I observe that Bankruptcy Rule 9027(i) itself doesn't change the analysis.

Even if Cattell were now asking me to modify or set aside the state court's orders themselves, Bankruptcy Rule 9027(i) implies that I could do so. Defendants acknowledge that it's possible for a federal court, after removal, to modify or set aside a state-court order. But they argue that I can do so only under the narrow circumstances set out in Bankruptcy Rules 9023 and 9024, incorporating Federal Rules of Civil Procedure (Civil Rules) 59 and 60.

I disagree. Those rules govern modification of final orders and judgments. And, for the reasons I explained earlier, the state-court orders are not final orders. With respect to interlocutory orders, the operative rule is Civil Rule 54(b), under which any order or decision, however designated, that adjudicates fewer than all the claims "may be revised at any time before the entry of a judgment."[38] This standard is much more liberal than that of Civil Rules 59 and 60, which authorize revision of final orders only in narrow circumstances.

Still, Civil Rule 54(b) does not necessarily authorize unlimited reconsideration of interlocutory decisions, and defendants argue that the law-of-the-case doctrine prohibits reconsideration here.

---

[38] Fed. R. Civ. P. 54(b) (emphasis added).

Page 10 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Case 19-03123-dwh    Doc 183    Filed 03/22/21

The law-of-the-case doctrine prevents, or at least discourages, courts from reconsidering matters that have already been decided at an earlier stage of the same action. As recognized by the authors of the Wright & Miller Federal Practice and Procedure treatise, unlike claim and issue preclusion, which take effect only after an action is finally adjudicated, law of the case "regulate[s] judicial affairs before final judgment."[39] Although law of the case was traditionally regarded as discretionary,[40] the Ninth Circuit has held that failure to apply the doctrine is always an abuse of discretion unless one of a narrow list of exceptions applies.[41]

But does law of the case apply here?

The parties agree that, when an action is removed from state court, I must treat all preremoval decisions of the state court as if they were my own. Consistent with the spirit of Bankruptcy Rule 9027(i), I will accord the state court's rulings no more and no less deference than I would accord to my own interlocutory rulings in the same action.

So, the question is: must a trial court treat its own interlocutory decisions as law of the case and therefore binding?

In terms of procedural posture, there are three possible scenarios in which the of law-of-the-case doctrine could apply.

### 1. Scenario 1: In trial court after appeal

This scenario is well established and the least flexible. After there has been an appeal in an action, all conclusions of the appellate court are binding on the trial court, except in highly

---

[39] 18B Fed. Prac. & Proc. Juris. § 4478 (2d ed.).
[40] *Id.* ("Although courts are eager to avoid reconsideration of questions once decided in the same proceeding, it is clear that all federal courts retain power to reconsider if they wish. Law-of-the-case principles in this aspect are a matter of practice that rests on good sense and the desire to protect both court and parties against the burdens of repeated reargument by indefatigable diehards.")
[41] U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

Page 11 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Case 19-03123-dwh    Doc 183    Filed 03/22/21

unusual circumstances.[42] Application of law of the-case in this scenario is closely entwined with the rule that requires that trial courts obey the mandate they receive on remand from an appellate court.[43] Similarly, any issue that could have been, but wasn't, challenged in the first appeal will likely be treated as if it had been affirmed.

### 2. Scenario 2: In appellate court in subsequent appeal

This scenario is similar to the first, except that it involves a second or later appeal in the same action. The mandate rule does not apply in this scenario, but appellate courts are still reluctant to reconsider issues that have already been (or could have been) fully ventilated on an earlier round of appeal. The happenstance of a second or later appeal should not be treated as a license to throw out the first appellate panel's work.

### 3. Scenario 3: In trial court before appeal

This last scenario is the one at issue here, where a trial court is said to be barred from reconsidering its own interlocutory decision before there has been an opportunity for appeal. The case for application of law of this case in this scenario is less compelling than in the other two. A rule that forces a trial court to adhere to a decision that it has come to believe is wrong—even though the decision is still subject to review on appeal and therefore is not really final—has little to recommend it.

Indeed, Ninth Circuit case law does not appear to support the concept of pre-appeal law of the case, at least in civil actions. In 1986, the court in *Shouse v. Ljunggren*[44] said categorically: "[T]he law of the case doctrine does not apply to pretrial rulings such as motions for summary judgment." A different panel of the court questioned that conclusion its 1991

---

[42] *In re* Rainbow Magazine, 77 F.3d 278, 281 (9th Cir. 1996)
[43] **[Author???]** 18B Fed. Prac. & Proc. § 4478.3.
[44] 792 F.2d 902, 904 (9th Cir. 1986).

Page 12 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Case 19-03123-dwh    Doc 183    Filed 03/22/21

decision in *Fed. Ins. Co. v. Scarsella Bros*,[45] where the issue was broached in a footnote regarding appellate jurisdiction. But in 2014, the court rehabilitated *Shouse* and overruled *Scarsella Bros*. in its en banc decision in in *Peralta v. Dillard*.[46] The *Peralta* court expressly overruled *Scarsella Bros*. to the extent that it purported to hold that the law of the case doctrine bars district courts from reconsidering pretrial rulings. The court's rationale was that "[p]retrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case. Given the nature of such motions, it could not be otherwise." The court further explained: "It makes no sense . . . to say that if a district court realizes an earlier ruling was mistaken, it can't correct it, but must instead wait to be reversed on appeal. All that would do is waste both the courts' and litigants' time and resources."[47]

The *Peralta* court could also have noted that it would be a waste of time to reverse the corrected decision and order the trial court to reinstate its earlier, incorrect, ruling—followed inevitably by a second appeal in which the appellate court would have to reverse again, this time on the merits.

Besides, many of the Civil Rules permit, sometimes even require, litigants to request reconsideration of interlocutory rulings. Cattell's lawyer gave one example at oral argument: Civil Rule 50(b), which permits a losing litigant after trial to move to set aside a jury verdict— but only if the same litigant made the same motion on the same grounds at or before the close of evidence.[48] This procedure would be the emptiest of technicalities if law of the case applied to interlocutory rulings. Here are other examples. Civil Rule 54(b), discussed earlier, authorizes

---

[45] 931 F.2d 599, 601 n. 4 (9th Cir. 1991).
[46] 744 F.3d 1076, 1088 (9th Cir. 2014) (en banc).
[47] *Id.*
[48] Fed. R. Civ. P. 50(b) and accompanying Adv. Comm. Note. (1991).

Page 13 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

reconsideration of "any order or other decision" that disposes of less than the entire action. Civil Rule 65 contemplates that the court may consider the same substantive issues no fewer than three times—at a temporary-restraining-order hearing, at a preliminary-injunction hearing, and at trial. And Civil Rule 23(c), governing the certification of class actions, often requires the trial court to make a tentative inquiry into the merits of the class's claims,[49] but no court imagines that its certification decision is binding as to the merits.

At least two other circuits, the Eighth and D.C. Circuits, have also held that law of the case simply does not apply to interlocutory rulings.[50]

My conclusion is not changed by any of the cases cited by the lawyer defendants. None of the cases are cited for the proposition that law of the case applies to pre-appeal trial-court decisions. No Ninth Circuit case of which I am aware has held that law of the case applies to pre-appeal trial-court decisions. Ninth Circuit decisions by the Court of Appeals in *U.S. v. Lummi Indian Tribe*[51] and by the Bankruptcy Appellate Panel *In re Vaughan*[52] appear to assume that law of the case applies to pre-appeal trial-court decisions, but they do so without discussion. The Ninth Circuit Court of Appeals decisions that have expressly addressed the question— *Peralta*, *U.S. v. Smith*,[53] *Shouse*, and a few others cited in *Smith*—have uniformly held that law of the case does not apply to pre-appeal trial-court decisions.

I therefore conclude that the state court's interlocutory orders are not law of the case and do not bar my reconsideration of any of the issues that the state court decided.

---

[49] Amgen Inc. v. Conn. Retirement Plans and Trust Funds, 568 U.S. 455, 465-66 (2013) (merits must be considered to the extent that they overlap with the certification criteria).
[50] First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d 616, 620 (8th Cir. 2007) (cleaned up); Keepseagle v. Perdue, 856 F.3d 1039, 1048 (D.C. Cir. 2017) (cleaned up).
[51] 235 F.3d 443 (9th Cir. 2000).
[52] 2016 WL 878308 (9th Cir. B.A.P. 2016).
[53] 389 F.3d 944 (9th Cir. 2004).

Page 14 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Case 19-03123-dwh    Doc 183    Filed 03/22/21

I don't have before me any request to reconsider or modify the state-court orders. The motions that are before me invoke Civil Rule 56(a), which entitles the movant to summary judgment only when the movant is "entitled to judgment as a matter of law." Because law of the case in the quasi-mandatory sense does not apply to pre-appeal trial-court rulings, law of the case does not entitle a party to judgment as a matter of law, and thus it cannot be the basis for summary judgment.

For all of those reasons, the state-court orders do not require that I make the determinations the partial-summary-judgment that defendants request. I will deny the motions for partial summary judgment.

## V. Motion to supplement summary-judgment record

Because I will deny the motions for partial summary judgment, Cattell's motion to supplement the summary-judgment record[54] is now moot. I will deny it for that reason.

## VI. Motion to amend complaint

Cattell moves to amend his complaint to assert new claims for relief against a new defendant, Garrett Welch.[55] All defendants object.[56]

Although Cattell was required to seek leave to amend his complaint, Civil Rule 15(a)(2) requires the court to "freely give leave when justice so requires." The Ninth Circuit has held that requests for leave to amend should be granted with "extreme liberality."[57] The only recognized reasons for denying a motion to amend are bad faith, undue delay, prejudice to the opposing

---

[54] DI 150.
[55] DI 115.
[56] DI 129.
[57] Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).

Page 15 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

parties, and futility of the proposed amendment.[58] Prejudice to the opposing parties carries the most weight.[59]

Defendants argue that three of these factors are present here and justify denying the motion.

### 1. Undue delay and prejudice

The inquiries into whether delay is undue and whether it is prejudicial are similar, if not overlapping, so I will address them together.

Defendants argue that Cattell has unduly delayed amending the complaint to join Welch because Cattell knew that Deeks sold the property to Welch in 2019, yet the motion to amend was made more than a year after this action was commenced and more than four months after Cattell tried and failed in September 2020 to settle his claims against Welch. Defendants then argue that the delay is prejudicial to them. Even though Cattell has not proposed to assert any new claims against any existing defendant, the lawyer defendants argue that adding Welch to the case will necessarily prolong discovery and delay resolution of the action.

As I applied to these actions, I interpret the undue delay and prejudice factors to require me to determine whether adding Welch as a defendant will unduly delay resolution of these actions against defendants and prejudice their defense of these actions. I don't agree that the absolute amount of time that has passed since the sale or even since commencement or removal of these actions is dispositive.

On August 5, 2020, I entered the parties' proposed scheduling order, which set trial to begin on October 12, 2021.[60] I later realized that the trial-start date was not available on my

---

[58] Griggs v. Pace American Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).
[59] Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
[60] DI 72 at 2.

Page 16 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

calendar, so I asked the parties to confer to set a different date.[61] They agreed on a revised start date of December 7, 2021.[62] Thus, the current trial-start date is essentially the first date I have set in these actions, and it was set with defendants' consent.

No party has asked for a postponement of the current trial-start date. Cattell does not believe that adding Welch will require postponement of the trial, but defendants insist that it will.

Because the current trial-start date is essentially the first setting and was done with the current parties' consent, I reject defendants' contention that any postponement of the trial would unduly prejudice them and thus should not be permitted absent their consent.

In any case, and without prejudging any motion that Welch might bring, I disagree with defendants' contention that Welch will necessarily insist on and be entitled to trial postponement. He has been aware of this action and his connection to the issues it raises since at least June 11, 2020, when Cattell's lawyer took examinations under oath of Welch and Megan Welch.[63] Cattell's lawyer's time records refer to Cattell making a settlement offer to Welch in August 2020,[64] which Welch rejected in September 2020.[65] A lawyer representing Welch appeared in this action on February 9, 2021,[66] and monitored the oral argument on the summary-judgment motions on February 17 and 18, 2021.[67] If Cattell serves the amended complaint on Welch promptly, the trial would be over eight months after service.

---

[61] DI 80.
[62] DI 144.
[63] DI 115 at 5:3-5; DI 129 at 3-4; Case No. 19-33833-dwh13 (main case) DI 80-81 (identifying Rex K. Daines as attorney for each witness).
[64] Main case DI 91, itemization at 27, entries for 8/10/2020 and 8/11/2020 (referring to settlement letter to attorney Daines).
[65] Main case DI 91, itemization at 29, entry for 9/14/2020 (telephone call to attorney Daines re Welch's rejection of settlement proposal).
[66] DI 143.
[67] DI 163-64

Page 17 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Case 19-03123-dwh    Doc 183    Filed 03/22/21

Even the possibility that Welch, if joined to the lead action, could persuade me to postpone the current trial-start date would not preclude leave to amend. If I deny leave to amend, Cattell could just file a new adversary proceeding against Welch. And, in view of the overlapping issues presented by the current actions and the new action, Cattell could then ask for a consolidated trial of all three actions in the interest of judicial and party efficiency; Welch, likely to be a witness in the trial of the current actions even if he's not a defendant, could join that request. If I were to order a single trial, any advantage to the existing defendants of denying leave to amend the lead-action complaint to join Welch would disappear.

Defendants also claim prejudice from the prospect of having to provide discovery to (and possibly take discovery from) Welch after expiration of the discovery deadlines applicable to everyone else in this action. But if leave to amend is denied and Cattell sues Welch in a separate action, discovery could be taken by Welch from the other defendants and vice-versa, albeit via the procedures for taking discovery from nonparties.

In short, denial of leave to join Welch probably would not eliminate the possibilities of trial postponement and discovery that would be posed by joinder.

### 2. Futility

Finally, defendants argue that flaws in Cattell's proposed claims against Welch make amendment futile.

An argument that leave to amend a complaint should be denied for futility is, in essence, an alternative to moving to dismiss a complaint, after amendment, for failure to state a claim for relief. As I consider how to exercise my discretion on the motion for leave to amend, I must consider the option of deciding the sufficiency of the claims against Welch in the context of a

Page 18 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Case 19-03123-dwh    Doc 183    Filed 03/22/21

possible later motion to dismiss by Welch. For four reasons, the circumstances counsel that I take the latter approach.

First, if I grant leave to join Welch, he can decide whether and in what form to move to dismiss; he might decide not to do so. And if he decides to move to dismiss, I will have the benefit of arguments made by him and the authorities cited by him, rather than those made and cited by the current defendants.

Second, my determination of the amended complaint's legal sufficiency as to Welch would be aided by the procedure governing a motion to dismiss, as opposed to that governing a motion for leave to amend. Because the challenge to the amended complaint's sufficiency was (and could have been) raised only by defendants' opposition to the motion for leave to amend, the local rule prohibiting replies[68] barred Cattell from arguing the legal sufficiency of the amended complaint in writing, limiting him to oral argument. But if Welch is added as a defendant and then moves to dismiss, Cattell can file a written objection to the motion to dismiss.[69] A challenge to the legal sufficiency of a complaint is a serious matter that can result in termination of an action as to a defendant. In ruling on that challenge, I should have the benefit of Cattell's written legal argument opposing dismissal.

Third, defendants' futility arguments depend in part on their summary-judgment argument that the state-court orders are law of the case.[70] Because I have rejected the law-of-the-case argument as the basis for the motions for partial summary judgment, I also reject that argument as a basis for determining now that Cattell cannot prove that his proposed claims against Welch are legally insufficient.

---

[68] LBR 70071-1(b)(3)(B).
[69] LBR 7007-1(b)(3)(A).
[70] DI 129 at 8.

Page 19 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Fourth, as further partial support for their futility argument, defendants rely on factual allegations outside the complaint, albeit ones supported by declarations.[71] Although a court may rely on affidavits or declarations in deciding a motion (other than one initiating a bankruptcy contested matter),[72] the court is not required to do so. Here, the facts I'm asked to consider in denying leave to amend go to the ultimate merits of the proposed amended complaint and thus would have the same practical effect as a motion for summary judgment, but one in which Cattell is denied the opportunity for written argument and counter-affidavits. Just as I should consider the legal sufficiency of the proposed amended complaint in the context of a motion to dismiss it, I should consider its factual sufficiency in the context of a motion for summary judgment.

I will grant the motion for leave to amend the complaint.

## VII. Conclusion

I will enter an order consistent with this decision.

### # # #

---

[71] DI 129 at 10-12.
[72] Bankruptcy Rule 9017.

Page 20 – MEMORANDUM DECISION ON MOTIONS FOR PARTIAL SUMMARY etc.

Case 19-03123-dwh    Doc 183    Filed 03/22/21